IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| PLAINTIFF, | )<br>) |
| vs. | ) CR. NO. 03-20222MI P<br>)<br>) 29 U.S.C. § 439(c) |
| DONALD G. HILD, SR., | ) 18 U.S.C. § 2<br>) (MISDEMEANOR) |
| DEFENDANT. | )<br>)<br>) |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1

1. At all times material to this Information, the International Alliance of Theatrical Stage Employees Local 69 was a labor organization in an industry affecting commerce within the meaning of §§ 402(i) and 402(j) of Title 29, United States Code.

2. At all times material to this Information, the International Alliance of Theatrical Stage Employees Local 69 provided producers of various theatrical shows and conventions staged in Memphis, Tennessee, with the services of its member stagehands, grips and carpenters. In this role the union acted as both an employment agent and paymaster. Acting as an employment agent, the union would provide a producer of a particular theatrical show or convention with the workers the producer



required to stage the particular event. At the conclusion of the event, the union would submit an official union invoice to the producer which identified which union members had worked at the particular event, the dates they had worked and the amount of gross pay due the individual union member. The union had previously contracted with a payroll company ("the payroll company") to serve as paymaster for the union. Based upon the union invoice, the producer would pay the payroll company the total amount of the invoice, and the payroll company, acting as paymaster, would then collect and pay federal income tax withholding and social security payments and pay the individual members based upon the figures contained in the invoice, less any social security payments and federal income tax withholding due and owing.

3. At all times material to this Information, the defendant was a member of Local 69 of the International Alliance of Theatrical and Stage Employees.

4. On or about August of 1998, in the Western District of Tennessee, the defendant,

**DONALD G. HILD, SR.**

being aided and abetted by others, did willfully make and cause to be made a false entry in a record required to be maintained by § 436 of Title 29, United States Code, that is, an invoice from Local 69 of the International Alliance of Theatrical and Stage Employees to the producers of the Helen Brett Gift Show for services provided

by members of Local 69, and which showed amounts of wages due and owing to union members who worked at the Helen Brett Gift Show, a record on matters required to be reported in the annual financial report of the International Alliance of Theatrical Stage Employees Local 69 and required to be filed with the Secretary of Labor.

All in violation of Title 29, United States Code, § 439(c) and Title 18, United States Code, § 2.

_____
Terrell L. Harris
United States Attorney
Western District of Tennessee

DATED: 6-23-03